We have four cases for argument this morning. The first is Shulman v. Collins, number 23-2003. Mr. Dohakis, when you're ready. Thank you, Your Honor. May it please the court. On behalf of Mr. Shulman, I'd like to thank this court for the opportunity to present his appeal. Before this court is an appeal that asks to find that the Veterans Court erred when it found it did not have jurisdiction over Mr. Shulman's appeal. The primary issue in here, in this case, is what the board did in its 2021 decision. As Mr. Shulman argued in his opening brief, there was a rating decision that was appealed to the board where there were two different periods of service, 2000 to 2003, which the AOJ initially found was honorable, later overturned that, and then a 2003 to 2007 period of service. Mr. Shulman asked the board to overturn the AOJ's legal finding that the first period of service was not honorable, and then to address the service connection disability issues. The Veterans Court's decision, I'm sorry, the board's decision only addressed the 2003 to 2007 period of service, and either implicitly affirmed the AOJ's finding. What did the board say with regard to the service, the honorable service thing? Did it send it back for another look? Your Honor, it only addressed the second period of service, and that's where the real dispute in this case is, because under VA law, a veteran can receive benefits for a period of honorable service, even though a later or subsequent period was dishonorable. The AOJ initially found that he had honorable service. That was binding under the new AMA statutes, and then the AOJ overturned that favorable finding, and that's really the determination that was sent up to the board in the notice of disagreement. When the board's decision only talked about remanding that second period of service, it essentially either under Bean ignored the issue as it was presented in the notice of disagreement, or it implicitly affirmed it. In either case, a final decision was rendered. Wait, wait. Can I sort this out? What did the board do? The board remanded, right? Yes, Your Honor. The board said, on that second period of service, take another look. We think it might be honorable. Yes, Your Honor. OK. So the first period is already honorable, and the second period is the point of contention on whether that's honorable or not. No, Your Honor. The second period of service is not before any court. That was remanded. That's what I mean. Yes. That's what the board did. Correct. And it didn't address the underlying service connection issue. It did not for that period of service. But as we pointed out in the briefing, the first period of service was initially found to be honorable, which means he is now eligible for. What are you trying to get from us? I mean, even if the Veterans Court had addressed this, they would have remanded all of it back to the board and not to the R.O., which is where it's all at anyway, right? No, Your Honor. It would have been remanded back to the board in order for it to make a determination on the notice of disagreement that was submitted to it. Once Mr. Shulman filed his notice of disagreement. Had the R.O. ever ruled on the service connection issues for the second period of service? I don't believe. Not before the board's decision. Then the board would have sent it back. I'm sorry, Your Honor? Then the board would have sent it back. It would all be back before the R.O. It may very well, but what's important to keep in mind in this case, and the Veterans Court's last ruling, the last memorandum decision, Appendix 141, points to this later determination that addressed a later 2022 claim. This appeal started at least as early as 2019 and potentially goes back to 2017. And so when the board refused or ignored the contentions on the compensation benefits for that first period of service, it was essentially affirming the denial of the benefits from that earlier date. And without intervention by the court, Mr. Shulman is not going to be able to get that issue addressed. Right now, all he has is a grant of benefits from a 2021 claim, which postdates this board's decision and postdates the claim by at least two years, again, up to four years, and a denial of benefits on that same 2022 effective date. So without resurrecting this appeal at the court and ordering the board to address it, Mr. Shulman is going to lose out on at least two, possibly four years of benefits. And that's why this appeal was filed and that's why we are seeking guidance from the court. Robert Chisholm Why can't he argue for an earlier effective date in the appeal stream that actually awarded him benefits based upon this argument? Jeff Shulman Because there was... Well, there may not have been continuous pursuit. Because the way that the VA received these claims, they called it a new claim, they rejected a supplemental claim, they asked for a 526, which under the effective date rules under 5110, that's the date of claim. And so the second period of service, again, is not really an issue here because the first period of service was found to be honorable. And as the procedural history in this case really highlights, the VA keeps telling him... Robert Chisholm Can you just tell me where we are now? I know the subsequent stuff isn't part of the record, but you seem to know it. What does he have now? He has a grant of service connection for the underlying conditions you saw in this original? Jeff Shulman Only the PTSD. The other ones have been denied and they are under administrative... Robert Chisholm But you have the right to appeal though, right? Jeff Shulman Correct, John. I think they've all been appealed in some administrative manner. I actually didn't update exactly where they are in the process, but they're somewhere before the agency. Robert Chisholm What effective date are they for? Jeff Shulman November 2021 is the current date of claim for each of those. The grant of benefits, the effective date is November 2021. And I believe that when that grant happened, there was a supplemental claim file that addressed only the rating. And so there may or may not even be an effective date issue depending on... There's still some unclarity on how that happens. Robert Chisholm Can we get back to what's going on in this case? Because I'm not even sure that I understand what legal argument you're making that gives us your section. Because it seems to me that the Veterans Corp looked at the specific board decision and said the only thing the board decided here was the honorable service issue. And it remanded that. And so therefore, there's no final decision before that. What legal issue are you saying? Are you saying that every time you present a claim for both the first... I don't know what... I forget what you were calling it. But basically, whether it's honorable service or not, the character of service thing. And then the underlying merits of the claim. If the board doesn't address the underlying merits, it's implicitly denied? Well, that's technically correct, Your Honor. And that's actually what the secretary argues is that the first element to prove, the first predicate is veteran status. Without that, the entire claim is denied. But that doesn't mean that they can't. That they've actually issued a decision on that. It's that they won't reach it because you haven't established the predicate for it. That's true, again, for the second period of service, Your Honor, which had started out being dishonorable and the board remanded it. But again, that first period of service was already determined to be honorable. The VA overturned that, in Mr. Shulman's opinion, in Mr. Shulder's position, without following the statutes and regulations to show clear and unmistakable error. And by overturning that, he was denied benefits. This all sounds very application of law and effect to me. You're talking about the specifics of what the VA and the board here did. And the Veterans Court determined in its decision that it didn't have jurisdiction because all the board did was remand the character of service issue and didn't reach the actual underlying merits of the claim. If that's true, then let's just stop there. Let's accept that's true. That that's the board's correct, or that's the Veterans Court's correct reading of the board's decision. Then isn't that right, that they don't have jurisdiction? If the board only had before it the period of service and it remanded it, then yes, that would be correct, Your Honor. However, again, there were two different issues that were brought up to the board. That first period of service, which is undisputed that the VA found to be honorable. The secretary in his brief acknowledges that in his facts. We don't think that that's a disputed fact. It's also not disputed that the VA later overturned that decision and made it dishonorable. And it's also undisputed that his notice of disagreement raised that issue specifically to the board. And so even though yes, this court does not have jurisdiction for facts to law, it does, it is a legal question when the facts are undisputed. Well, can you state the legal question, the rule of law, you think we need to apply or to articulate that the Veterans Court got wrong? So we think that this is a been issue, Your Honor. The veteran received a decision from the AOJ. He presented an appeal to the board. And the board either implicitly denied it or more correctly, I think, ignored it and didn't make any findings of fact. In either case, I think this is closer to being where they just didn't address it. Can I ask you, so your rule of law, just following what you're saying, your rule of law would be, whenever a lower tribunal is presented an issue and they remand, and they did not address one of the issues presented, you, there is a right to an appeal. Would that be your argument? I don't believe in every case, Your Honor. But I think again, in this case and similar cases like this, where there are two distinct issues. And I would say if, let's say that the issues were PTSD and a knee condition, and the VA and both of them were appealed, and the board remanded the knee and ignored the PTSD issue. I don't think that there's any dispute that that board was required under being to have addressed that. And because of that, the Veterans Court has jurisdiction. And I think that that's, even though we're talking about similar, I admit there are quite a bit of similarity between the issues in this case. But again, there was a distinct determination by the AOJ to overturn a favorable finding that allowed him to receive compensation for that period of service. And the board never mentioned it one time in its decision. And it is that determination that Mr. Shulman seeks review by the Veterans Court with an order to tell the board to address it on the earlier 2019 claim. I'm about up to my rebuttal time, but if there are no other questions, then I'll save the rest for after this. Thank you. Thank you. Mr. Goldman. Good morning, may it please the court. I think the court's identified the issue here, which is that we have a case where there's been a divergence into multiple appeal streams and they're getting somewhat confused. If the court will permit me, I'd just like to run through the history a little bit to explain why we are where we are right now and where the other claims are in the process before the VA, the board, and the Court of Veterans Claims. So as my opposing counsel correctly noted, there were two periods of service from August 2000 to August 2003, at which point the veteran was stopped, lost, and continued through to December 2003. And that's the critical point where these cases have diverged. The VA has found that that first period was honorable and has given a character service rating in favor of the veteran. Those cases are progressing through the VA system. There has been also a service connection determination with respect to 2000 to 2003 in favor of the veteran as of 2022, where he's received service connection for PTSD. He was denied service connection for other claims and he has appealed those claims and that appeal is processing, I believe, before the board right now. Separately, there have been decisions regarding his second period of service, which was supposed to be until December 2003, but because he went absent without leave, has continued through to 2007. That is the position, that is the period that was before the Veterans Court, before the board in May 2021, before the RO in November 2020. And there is some confusion in this situation. As the board points out, as the Veterans Court points out, there have been times for Mr. Shulman's case where there have been either duplicate filings or there have been two different letters that, in this case, because of multiple filings appealing potentially the same decision, there have been some disagreements. And I believe it is now at this point, between the various positions and rulings of the board and the Court of Veterans Claims, we're finally getting to a position where we know where these two streams are. Mr. Shulman received a letter in November 2020 that told him that his entire character service was being deemed dishonorable. The Veterans Court, the board then correctly noted this was a conflict of an early decision. It came out just after the board's remand, finding the opposite, that he had at least some honorable service. And therefore, they put him back into position. In May 2021, the board said, well, you've already found honorable character service for 2012 and three. Let's look at 2003 to 2007. We need to remand that down for your character service before we can get to questions of service connection and so on for the second period of service. So that's where we are. That's the decision that was before the Veterans Court. It was still without remand. What you just said, I just want to clarify that. So I get the board decision issue here is remanding the second period of service for a service of character. That's correct. For you. That thing you just said before that about whether it was mistaken or not about the entire service being dishonorable. Was that before or after this board decision? So that was before this board decision. That was a letter that was received. The letter had come out, I believe, within a few days of the November board decision. So there's a November VA letter. There's a November board decision. I think they're literally within a week of each other. The board decision is the one that then leads to... The two board decisions both agree in the exact same way. They both say... That letter came from the secretary, though not the board. The RO, I think. Right. Was the board... Is there any indication that that was before the board when it issued the remand? That's... Yeah, exactly. That's what the May... That's, I believe, and I appreciate the clarification, but that November, at least November 24th VA decision leads to a January 2, 2021 notice of disagreement, which leads to this May... That's the notice of disagreement that leads to the briefing that leads to the May 2021 board remand. That's the decision that's then appealed to the Veterans Court. And that's the decision. And again, the argument here, as I understand that Mr. Shaw is making, is that when the board and then the Veterans Court were looking at this remand of character of service for the second period, they somehow implicitly denied claims for service connection for the first period of service. But as Mr. Shulman had successfully been deemed honorable for that period, those claims were not before the board at that time. Those claims were with the RO, with the VA, being processed for service connection issues. And that's what leads us, while this board remand is on appeal to the Veterans Court, the VA continues processing. Mr. Shulman, in 2022, is granted service connection for PTSD. He's denied it for other claims, and so he appeals that appeal. As I understand it, it's still pending before the board. If Mr. Shulman's argument is correct that somehow the Veterans Court and only the Veterans Court had jurisdiction over the service connection for the first period, then is he arguing that the VA erred when it gave him service connection for his PTSD while that appeal was still going on? I don't think that's the argument he was making. I don't think it's the argument he should make just against his interest. Can I just ask you, the first period is the period that he had signed up for, his enlistment. Exactly. That should have ended. That should have ended. But the Army kept him in because he was in Afghanistan. That's my understanding. Was that an extension of the first, or is that, you're calling it a second period? That's how the VA has decided to treat it in order to, as I understand it, to make him eligible for at least the benefits for that first period. They're treating it as a single service that ended in an honorable situation so that if he is found, and remember, this is still an ongoing process. There has not been, because we are trying to remand this case, because we are trying to develop whether he has a defense against the absence without leave through an insanity claim because of PTSD, potentially. No determination to be made, but the VA originally said that absence without leave was preclusive, prevented him from getting an honorable condition, therefore prevented him from getting any benefits or any VA treatment. And so, in order to, as I understand it, the VA decided to split this and look at it to make sure that for his honorable completed contract, they could provide him benefits, they could look to see if there was service connection, see if he had disability claims for that, provide him VA healthcare. At the same time, the VA is now trying to develop, and the instructions of the remand are clear, the VA is to try and find as much evidence as it can to assist Mr. Shulman in making his claims, to find additional medical evidence for his claims that could help him make a claim that would lead him to getting a character of service change so that he'd be considered honorable for the second period as well. That's what we're trying to get back to in this case. The first period is final. The first period for character of service is final. Service connection to PTSD is final. Service connection for everything else has been appealed, and effective date and ratings, those are all still being processed, I understand it. So that's where we sit today. In terms of this case, it is an appeal from the Veterans Court looking at a sole remand of a sole issue on the second period of service. The argument that somehow that included the character of service claims, or sorry, the service connection claims of the first period, it's simply not correct. It's simply, it's not based on the record, and it is an attempt to bring these two claims together. It prevents the VA from having made the service connection decisions it made in 2022 while this appeal was still going, and actually goes contrary to the arguments Mr. Shulman himself presented to the VA. If the court looks to Appendix 74, where it's one of the briefs of Mr. Shulman, he himself, in his own footnote, argues that we must address character of service and then remand the claim for further development in terms of service connection of issues. That's his own argument up until this point. So if we found, to the contrary, that this claim for this first period of service for the underlying bit of its claims was before the board was implicitly denied and the Veterans Court had jurisdiction and should have reached it, and because the board didn't address it, I think at most what the Veterans Court would have done was say, you should have addressed this. What's the effect of that on this case? Because I sense that there was something about effective date there, but would that change the effective date in any way? I don't understand how it essentially would have sent the effective date. Mr. Shulman has not been, neither the stream has reached the point where he's making arguments as to effective dates, so I think at this point that would be speculative, it would be a premature, potentially a moot argument in front of the board right now because it'd be arguing that he's been denied an effective date that no one has ruled on yet. So I don't. And so, I mean, you wouldn't, I assume, come back and say once he gets the service connection for either period of service, say because of the board's remand decision, something was final and therefore he can't get an earlier effective date. I mean, the effective date's not up, so you can appeal the effective date once he gets the service connection decisions. If we're back here on the effective date issue in a later appeal, it'll be because the VA's made a decision, the board's looked at the decision, and done something that Mr. Shulman disagrees with. So I'll be up here talking about whether the Veterans Court correctly made legal decisions when it looked at the board's decision. I'm just trying to figure out what the point of this is. Essentially, frankly, it's a good question. The effort that the board was making was to get, Mr. Shulman's claims back into processing, is to get him back into trying to find the information that could help him with. The board decision that's up here that the Veterans Court found was non-final was in his favor, right? It said, take another look at the second period of service for service character discharge. Exactly, and I don't think the government faults Mr. Shulman for seeking a second board opinion. So remember, there was a November board opinion. The May 2021 board opinion references that and says we're doing essentially the exact same thing again. And it was because this November letter had come out that it said your character of service is dishonorable for the entirety of your service, both periods. That added confusion to the level. The board noted, this is because we have multiple streams, but let's do, now what we can do is we've had two letters. You've appealed them both to the board and we're putting them both back into the exact same position. So now you are on track that you have the exact same decision, which is that you, that letter saying that you were dishonorable, that was wrong. You have your character of service for honorable for the first period. We are trying to find information about the character of service for the second period. Let's put both of these board decisions, both of these remands to the same position. It's that second decision that is on appeal right now, the one that is saying, let's go back there. Again, this argument about implicit denial, we just don't see it in the record. We just don't see, that wasn't what was before the board. That wasn't what was in the letter in November. That's simply, well, Mr. Shorn sent arguments to the board on this. I believe that was an attempt to bring multiple streams, bring a part of a stream that was before the RO into the board, into the Veterans Court, even though it wasn't properly before them. So then the goal behind doing that, to your best guess, would be to speed up the process. Either to speed up the process or maybe an assumption that, here I'll get a ruling that I can then use, because of course, if there's a favorable ruling in front of the veteran, that is then binding on the secretary, perhaps in very high showing. But at the same time, as the court can see, this has added confusion, this has added, if anything, delay to the whole situation, because we're now here in 2025, discussing a board decision from 2021 that was asking to develop facts to determine his character of service. Step one of the multi-step process of determining what benefits he's entitled to. We should have been, in 2021, 2022, developing those facts instead. So there is a degree to which we would like this to go as quickly back to the RO as possible and the best ways for the court to affirm the Veterans Court finding of no jurisdiction, which would in turn set us back to the board's remand, which puts us back in front of the secretary, developing those facts, find that information, seeing if there's some way we can get Mr. Shulman an honorable character of service so we can get him benefits for that period of time. If there's no other questions. Thank you for your time. Thank you, Your Honor. I want to start with the November 2020 letter that the secretary brought up. It just simply does not do what they are claiming that it did. I'm reading here Appendix 100, the instant appeal arises from the challenge of a December 2019 administrative decision, which determined that the veteran's initial period of service was honorable for VA purposes. Therefore, the issue has been re-characterized to reflect the favorable finding. This does not mention the later finding by the AOJ that reversed that decision, found it dishonorable, and then the rest of that decision goes on to remand the second period of service. Then in 2021, the dishonorable finding for the first period of service was appealed to the board in addition to the second period of service, and that decision only addressed and only remanded that second period of service. It made no mention of the AOJ's second finding that the period was dishonorable and made no mention of anything else with respect to that first period of service. That is what this appeal is about. It's that period of service that was before the board in 2021 that it failed to address, and the reason that we're bringing this is twofold. One is- Wait, wait, when you say which period of service it failed to address, the first period? The first period of service, Your Honor. But they've already granted service connection based upon that first period of service. They must have determined that first period of service was honorable. They did, Your Honor, but again, it's from a later 2021 claim and not the 2019 or the 2017 claim. That's effective date stuff. Are you foreclosed from arguing anything on an effective date for that? Yes, Your Honor, because this board decision finally decided either it was affirmed in silence or it was simply affirmed- If it wasn't addressed, you would argue it wasn't addressed, and so therefore it was either an error or it was pending. Well, a ruling from the court would be welcome in that regard, Your Honor, but- Again, this all sounds very application of law and effect to me. The issues with the AMA, as I think this court has seen and we as practitioners have seen, is that the VA right now is making all sorts of decisions, even though there are, under 5104C, bars to concurrent administrative review of the same issue. You can see here that the VA, at least three different times, reviewed the same exact administrative issue at the AOJ and the board, and we don't know whether this is a final decision or not, and so we are trying to preserve- Yes, you do. The Veterans Court said it wasn't a final decision, and therefore it didn't have jurisdiction. You can hold that against the VA. The board did not make a decision on the first period of service in this case. They made a decision on the second period and remanded it. That's what the Veterans Court's found. They're bound by that. They're not gonna argue anything to the contrary. And that's the position also being taken by the government here. The position, well, the ruling by the Veterans Court, Your Honor, is that the issues were never before the board, and it was not that the issues were remanded with the second period of service. If that was the case- That's not the point. Then we wouldn't be here today. If they weren't before the board at all, then they're not before the board. They couldn't have been implicitly denied. But they were before the board, Your Honor. They were decided by the AOJ, and- That's not what the Veterans Court and the board said. And that's not what the government just said. You can quote, if they ever say the other thing in your proceedings, you can quote from the oral argument to the Veterans Court or the board, and they agreed that those issues weren't part of that board decision that was remanded. The only thing that was remanded was the second period of service, not the first period. Are you okay if that's the case? Yes, Your Honor. I think that that is helpful. But again, I do think that just for precision and precision is that the issues weren't decided unfavorably. He appealed them to the board. The board didn't address them. If they weren't decided in that decision, then they're still pending before the board, and the AOJ has no business adjudicating them at all. And so again, there was a lot of confusion by the board's actions. Mr. Shulman did the best he could to respond. And so we would ask that the court find that the board did have jurisdiction. Should have and are failing to do so. Thank you, Your Honor. The case is submitted.